JS 44 (Rev. 10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Cristina Ferrari

### DEFENDANTS
Hersha Hospitality Management L.P.
Hersha Hospitality Trust

**(b)** County of Residence of First Listed Plaintiff: **Philadelphia**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: **Philadelphia**
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Albert J. Michell, PC
40 West Evergreen Avenue, Suite 102
Phila., PA 19118  (tel) 215.922.2588

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [x] 3 Federal Question (U.S. Government Not a Party)
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*  Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- 110 Insurance
- 120 Marine
- 130 Miller Act
- 140 Negotiable Instrument
- 150 Recovery of Overpayment & Enforcement of Judgment
- 151 Medicare Act
- 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- 153 Recovery of Overpayment of Veteran's Benefits
- 160 Stockholders' Suits
- 190 Other Contract
- 195 Contract Product Liability
- 196 Franchise

**TORTS — PERSONAL INJURY**
- 310 Airplane
- 315 Airplane Product Liability
- 320 Assault, Libel & Slander
- 330 Federal Employers' Liability
- 340 Marine
- 345 Marine Product Liability
- 350 Motor Vehicle
- 355 Motor Vehicle Product Liability
- 360 Other Personal Injury
- 362 Personal Injury - Medical Malpractice

**TORTS — PERSONAL INJURY**
- 365 Personal Injury - Product Liability
- 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- 370 Other Fraud
- 371 Truth in Lending
- 380 Other Personal Property Damage
- 385 Property Damage Product Liability

**REAL PROPERTY**
- 210 Land Condemnation
- 220 Foreclosure
- 230 Rent Lease & Ejectment
- 240 Torts to Land
- 245 Tort Product Liability
- 290 All Other Real Property

**CIVIL RIGHTS**
- 440 Other Civil Rights
- 441 Voting
- [x] 442 Employment
- 443 Housing/ Accommodations
- 445 Amer. w/Disabilities - Employment
- 446 Amer. w/Disabilities - Other
- 448 Education

**PRISONER PETITIONS**
*Habeas Corpus:*
- 463 Alien Detainee
- 510 Motions to Vacate Sentence
- 530 General
- 535 Death Penalty
*Other:*
- 540 Mandamus & Other
- 550 Civil Rights
- 555 Prison Condition
- 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- 625 Drug Related Seizure of Property 21 USC 881
- 690 Other

**LABOR**
- 710 Fair Labor Standards Act
- 720 Labor/Management Relations
- 740 Railway Labor Act
- 751 Family and Medical Leave Act
- 790 Other Labor Litigation
- 791 Employee Retirement Income Security Act

**IMMIGRATION**
- 462 Naturalization Application
- 465 Other Immigration Actions

**BANKRUPTCY**
- 422 Appeal 28 USC 158
- 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- 820 Copyrights
- 830 Patent
- 835 Patent - Abbreviated New Drug Application
- 840 Trademark
- 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**
- 861 HIA (1395ff)
- 862 Black Lung (923)
- 863 DIWC/DIWW (405(g))
- 864 SSID Title XVI
- 865 RSI (405(g))

**FEDERAL TAX SUITS**
- 870 Taxes (U.S. Plaintiff or Defendant)
- 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- 375 False Claims Act
- 376 Qui Tam (31 USC 3729(a))
- 400 State Reapportionment
- 410 Antitrust
- 430 Banks and Banking
- 450 Commerce
- 460 Deportation
- 470 Racketeer Influenced and Corrupt Organizations
- 480 Consumer Credit (15 USC 1681 or 1692)
- 485 Telephone Consumer Protection Act
- 490 Cable/Sat TV
- 850 Securities/Commodities/ Exchange
- 890 Other Statutory Actions
- 891 Agricultural Acts
- 893 Environmental Matters
- 895 Freedom of Information Act
- 896 Arbitration
- 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District (specify)
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Title VII 42 USC Sec. 2000 et seq; ADA 42 USC Sec. 12111 et seq.

Brief description of cause:
Gender and disability discrimination in employment.

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: [ ] Yes  [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE _____  DOCKET NUMBER _____

DATE: 7/25/2022

SIGNATURE OF ATTORNEY OF RECORD: *[signature]*

**FOR OFFICE USE ONLY**

RECEIPT #  _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| Cristina Ferrari | : | CIVIL ACTION |
| v. | : | |
| Hersha Hospitality Management L.P. and Hersha Hospitality Trust | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.   ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.   ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.   ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)   ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.   (x)

| | | |
|---|---|---|
| 7/25/2022 | Albert J. Michell, Esq. | Plaintiff Cristina Ferrari |
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215.922.2588 | 215.922.2590 | albertjmichell@gmail.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DESIGNATION FORM
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: __1939 Goodnow Street, Philadelphia, PA 19115__

Address of Defendant: __510 Walnut Street, 9th Floor, Philadelphia, PA 19106__

Place of Accident, Incident or Transaction: __210 West Rittenhouse Square, Philadelphia, PA 19103__

**RELATED CASE, IF ANY:**

Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when **Yes** is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?  Yes [ ]  No [x]

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?  Yes [ ]  No [x]

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?  Yes [ ]  No [x]

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?  Yes [ ]  No [x]

I certify that, to my knowledge, the within case [ ] is / [x] is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: __7/25/2022__   __Albert J. Michell, Esq.__   __76797__
                       Attorney-at-Law / Pro Se Plaintiff       Attorney I.D. # (if applicable)

**CIVIL:** (Place a \ in one category only)

A. **Federal Question Cases:**
- [ ] 1. Indemnity Contract, Marine Contract, and All Other Contracts
- [ ] 2. FELA
- [ ] 3. Jones Act-Personal Injury
- [ ] 4. Antitrust
- [ ] 5. Patent
- [ ] 6. Labor-Management Relations
- [xx] 7. Civil Rights
- [ ] 8. Habeas Corpus
- [ ] 9. Securities Act(s) Cases
- [ ] 10. Social Security Review Cases
- [ ] 11. All other Federal Question Cases (Please specify): _____

B. **Diversity Jurisdiction Cases:**
- [ ] 1. Insurance Contract and Other Contracts
- [ ] 2. Airplane Personal Injury
- [ ] 3. Assault, Defamation
- [ ] 4. Marine Personal Injury
- [ ] 5. Motor Vehicle Personal Injury
- [ ] 6. Other Personal Injury (Please specify): _____
- [ ] 7. Products Liability
- [ ] 8. Products Liability – Asbestos
- [ ] 9. All other Diversity Cases (Please specify): _____

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, __Albert J. Michell, Esq.__, counsel of record or pro se plaintiff, do hereby certify:

[x] Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

[x] Relief other than monetary damages is sought.

DATE: __7/25/2022__   __Albert J. Michell, Esq.__   __76797__
                       Attorney-at-Law / Pro Se Plaintiff       Attorney I.D. # (if applicable)

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)

UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Cristina Ferrari<br>1939 Goodnow Street<br>Philadelphia, PA 19115<br>　　　　Plaintiff<br>v.<br><br>Hersha Hospitality Management L.P.<br>d/b/a Rittenhouse Hotel<br>510 Walnut Street<br>9th Floor<br>Philadelphia, PA 19106<br>and<br>Hersha Hospitality Trust<br>d/b/a Rittenhouse Hotel<br>510 Walnut Street<br>9th Floor<br>Philadelphia, PA 19106<br>　　　　Defendants | CIVIL ACTION<br><br><br><br>DOCKET NO.: |

## COMPLAINT

Comes now Plaintiff Cristina Ferrari, by and through counsel Albert J. Michell, Esquire, and for her Complaint and cause of action, states as follows:

## PARTIES

1. Plaintiff Cristina Ferrari (hereinafter "Ms. Ferrari" or "Plaintiff") is an adult female resident of the Commonwealth of Pennsylvania living at 1939 Goodnow Street, Philadelphia, PA 19115.

2. Defendant Hersha Hospitality Management L.P. d/b/a Rittenhouse Hotel (hereinafter "Defendant" or "HHM") is a partnership licensed to do business in the Commonwealth of Pennsylvania which owns and/or operates hotels and motels, including the Rittenhouse Hotel, 210 West Rittenhouse Square, Philadelphia, PA 19103 (hereinafter "Hotel"), with a principal place of business at 510 Walnut Street, 9th Floor, Philadelphia, PA 19106.

3. Defendant Hersha Hospitality Trust d/b/a Rittenhouse Hotel (hereinafter "Defendant" or "HHT") is a real estate investment trust organized under the laws of the state of Maryland and

licensed to do business in the Commonwealth of Pennsylvania which owns and/or operates hotels and motels, including The Rittenhouse Hotel, 210 West Rittenhouse Square, Philadelphia, PA 19103, with a principal place of business at 510 Walnut Street, 9th Floor, Philadelphia, PA 19106.

4. HHM and HHT (hereinafter collectively referred to as "Defendants") were at all times relevant to this action each "engaged in an industry affecting commerce" within the meaning of the Americans with Disabilities Act of 1990, 42 U.S.C. Section 12111(2) (hereinafter "ADA"), and the Americans with Disabilities Act Amendments Act of 2008 (hereinafter "ADAAA").

5. For each working day and for each of twenty (20) or more calendar weeks in the calendar year 2021 and at all other times relevant hereto, Defendants jointly and individually employed fifty (50) or more persons.

6. At all times relevant to this action Defendants were jointly and individually a "covered entity" as defined under Section 12111(2) of the ADA and the ADAAA.

7. At all times relevant to this action, Defendants were each "engaged in an industry affecting commerce" within the meaning of Sections 701(g) and 701(h) of Title VII, 42 U.S.C. Sections 2000e(g) and 2000e(h) (hereinafter "Title VII").

8. At all times relevant to this action, Defendants were jointly and individually an "employer" within the meaning of Section 701(b) of Title VII, 42 U.S.C. Section 2000e(b).

9. At all times relevant to this action, Defendants were jointly and individually an "employer" within the meaning of Section 4 of the Pennsylvania Human Relations Act (hereinafter "PHRA"), 43 P.S. Section 954 and Section 5 of the PHRA, 43 P.S. Section 955.7.

10. Defendants at all times material and relevant hereto acted by and through their employees, agents, or servants acting within the course and scope of their employment or agency with Defendants.

## JURISDICTION

11. Jurisdiction of this Court comes under 28 U.S.C. Sec. 1331 (federal question) based on Ms. Ferrari's claims under the ADA, ADAAA, and Title VII.

12. The state law components of this action arise under the Pennsylvania Human Relations

Act, 43 P.C. Sections 951, 953, 955 and 962(c)(1). This Court has supplemental subject matter jurisdiction over the state law components of this action pursuant to 28 U.S.C. Section 1367(a).

## VENUE

13. Venue in this district is proper pursuant to 28 U.S.C. Section 1391 because the events giving rise to Plaintiff's claims occurred in, Defendants are based in, and Plaintiff resides in, this District.

## PROCEDURAL REQUIREMENTS

14. Within 300 days of the occurrence of the acts of discrimination of which she complains, Plaintiff Cristina Ferrari filed a complaint against Defendants with the Equal Employment Opportunity Commission (hereinafter "EEOC") alleging discrimination based upon disability and sex. Said complaint was concurrently filed with the Pennsylvania Human Relations Commission (hereinafter "PHRC").

The EEOC and PHRC held exclusive jurisdiction over Plaintiff's complaint for over 60 days.

To date, the EEOC and PHRC have not reached a conciliation agreement to which Plaintiff is a party.

On about July 19, 2022 Plaintiff received from the EEOC a Notice of Right To Sue, dated July 19, 2022, allowing her to sue in Federal Court within ninety (90) days. See attached hereto and incorporated herein as Exhibit "1", Notice of Right to Sue Letter.

## FACTS

15. Claimant Cristina Ferrari, a female, was hired as a Banquet Server at the Rittenhouse Hotel in or about 1996.

16. In or about 2012 Defendants Hersha Hospitality Management L.P. and Hersha Hospitality Trust assumed ownership and management of the hotel.

17. Plaintiff worked in this food service position for almost 25 years with good employment evaluations.

3

18. At all times material and relevant hereto Plaintiff did not dress in what is traditionally considered to be a feminine manner.

19. At all times material and relevant hereto Plaintiff did not wear makeup and jewelry that is traditionally considered to be feminine.

20. At all times material and relevant hereto Plaintiff did not style her hair and nails in what is traditionally considered to be a feminine manner.

21. At all time material and relevant hereto Plaintiff did not act in what is traditionally considered to be a feminine manner.

22. Plaintiff was subjected to a stricter dress code than other non-protected employees and was criticized by Defendants based on her appearance.

23. Plaintiff was compelled by Defendants to attend a makeup class.

24. Plaintiff was told by HR that she let herself go after the birth of her son.

25. In her written employment evaluations Plaintiff's manager, Bruce Mullen, Director of Banquet Services, would consistently criticize Plaintiff's appearance including her jewelry, hair style, makeup, earrings, and clothing.

26. Mr. Mullen would direct Plaintiff to wear more "high fashion mode" makeup, and smile more frequently.

27. Mr. Mullen urged Plaintiff to wear her hair differently and look her "best".

28. Plaintiff's male co-workers were not subjected to similar appearance-related treatment.

29. Plaintiff's female co-workers, who more closely fit gender stereotypes, also were not subjected to similar appearance-related treatment.

30. Plaintiff was diagnosed with Long QT Syndrome on or about June 8, 2012. This is a treatable but not curable heart rhythm disorder condition which manifests itself in occasional debilitating episodes of irregular heartbeats, requiring medical treatment.

31. Defendants were aware of this condition as of this approximate date and over the subsequent years Plaintiff suffered 3 or 4 of the additional episodes while at work with Defendants, which necessitated her being transported to a hospital by ambulance, where she would undergo medical treatment and miss time from work.

32. Plaintiff's last such episode happened while at work in or about May, 2019 where she

fainted during a meeting and was physically caught by Mr. Mullen.

33.     In June of 2020 Plaintiff was terminated, along with all but three of her co-workers in the Banquet Department, for Covid-19 related business reasons.

34.     In or about May of 2021 all but Plaintiff and one other of the approximately 10 Banquet Servers were called back by Defendants and invited to reapply for employment, with a start date of approximately June 5, 2021.

35.     Defendants requested that these re-hired individuals refer any other individuals who were available for work to Defendants for Banquet Server positions.

36.     When one of the re-hired co-workers suggested to Defendants that Plaintiff was interested in being re-hired, that individual was told to "mind your own business" by Bruce Mullins.

37.     Plaintiff, despite holding seniority over all but two of these unprotected co-workers, was never contacted for employment by Defendants, despite Defendants' *ex post facto* claims to the contrary.

38.     Beginning in about April, 2021 Plaintiff contacted Defendants multiple times and indicated she was interested in her prior position of Banquet Server, but never heard back from Defendants.

39.     Plaintiff even applied for her prior position through Indeed.com, where it was posted as available, to no avail.

40.     Defendants' Banquet Server positions have been filled by non-disabled males as well as non-disabled females who more fit gender stereotypes, most, if not all, of whom have less experience and qualifications than Plaintiff.

41.     Plaintiff was fully qualified for and capable of fulfilling the duties of the Banquet Server positions.

42.     At all times material and relevant hereto Plaintiff was a disabled individual as defined by the ADA and ADAAA who, with or without reasonable accommodation, could perform the essential functions of the Banquet Server positions.

43.     At all times material and relevant hereto Plaintiff had a record of physical impairments that substantially limited one or more of her major life activities including but not limited to walking, standing, and working, and her major bodily functions including but not limited to her

respiratory and circulatory systems. She was also regarded by Defendants as a disabled individual.

44. Plaintiff was subjected to the above treatment and not hired due to sex/gender stereotyping and her disability/perceived disability.

## COUNT I
### Violations of the ADA/ADAAA

45. Plaintiff incorporates paragraphs 1 through 44 as though set forth in full herein.

46. Defendants by and through their agents and employees discriminated against Plaintiff because of her disability/perceived disability (hereinafter "disability") by means of their above conduct in failing to hire Plaintiff for the open positions for which she applied and for which she was qualified.

47. Defendants discriminated against Plaintiff with regard to the terms, conditions, privileges, and benefits of employment based upon her disability/perceived disability. This constitutes violation of the ADA and ADAAA.

48. Defendants' acts of discrimination as aforesaid were intentional, willful, and in reckless disregard of Plaintiff's rights and interests.

49. As a direct result of Defendants' willful, wrongful, and unlawful actions in discriminating against Plaintiff in violation of the ADA and ADAAA, Plaintiff has endured pain and suffering, severe emotional distress, humiliation, embarrassment, loss of self-esteem, damage to her reputation, and loss of income and benefits and interest due thereon.

50. The above described acts and omissions of Defendants with regard to Plaintiff were extreme and outrageous and were committed with a malicious, willful, and/or reckless indifference to the federally protected rights of Plaintiff, warranting punitive damages.

**WHEREFORE,** Plaintiff Cristina Ferrari demands judgment in her favor and against Defendants and requests that this Court order that:

(a) Defendants compensate Plaintiff for the wages and other benefits and emoluments

of employment lost because of Defendants' unlawful conduct;

(b) Defendants pay to Plaintiff compensatory damages for future pecuniary losses, pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses as allowable; and

(c) Defendants pay to Plaintiff all other legal and equitable relief recoverable under the ADA and ADAAA, including, but not limited to, punitive damages, employment with applicable seniority, attorneys' fees, expert witness fees, the costs of this action, and pre- and post-judgment interest.

## COUNT II
### PHRA Violation
### (Disability Discrimination)

51. Plaintiff incorporates paragraphs 1 through 50 as though set forth in full herein.

52. The actions of Defendants by and through their agents and employees in discriminating against Plaintiff because of her disability/perceived disability, as aforesaid, constituted violations of the Pennsylvania Human Relations Act, Title 43 Pa. Cons. Stat. Ann. Section 951 *et seq.* 53.

Defendants by and through their agents and employees discriminated against Plaintiff because of her disability/perceived disability through their above conduct in failing to hire Plaintiff for the open positions for which she applied and for which she was qualified.

54. Defendants discriminated against Plaintiff with regard to the terms, conditions, privileges, and benefits of employment based upon her disability/perceived disability. These constitute violations of the PHRA.

55. As a direct result of Defendants' willful, wrongful, and unlawful actions in discriminating against Plaintiff in violation of the PHRA, Plaintiff has endured pain and suffering, severe emotional distress, humiliation, embarrassment, loss of self-esteem, damage to her reputation, and loss of income and benefits and interest due thereon.

56. Defendants' acts of discrimination as aforesaid were intentional, willful, and in reckless disregard of Plaintiff's rights and interests.

**WHEREFORE,** Plaintiff Cristina Ferrari demands judgment in her favor and against Defendants and requests that this Court order that:

(a) Defendants compensate Plaintiff for the wages and other benefits and emoluments of employment lost because of their unlawful conduct;

(b) Defendants pay to Plaintiff compensatory damages for future pecuniary losses, pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses as allowable; and

(c) Defendants pay to Plaintiff all other legal and equitable relief recoverable under the PHRA, including, but not limited to, punitive damages, employment with applicable seniority, attorneys' fees, expert witness fees, the costs of this action, and pre- and post-judgment interest.

## COUNT III
Title VII- Sex/Gender Stereotyping Discrimination in Employment

57. Plaintiff incorporates paragraphs 1 through 56 as though set forth in full herein.

58. By the conduct set forth in the Statement of Facts above, Defendants engaged in unlawful employment discrimination in violation of Section 703 (a) of Title VII, 42 U.S.C. Section 2000e-2(a).

59. Defendants by and through their agents and employees discriminated against Plaintiff because of her gender - female - through its above conduct in failing to hire Plaintiff for the open positions for which she applied and for which she was qualified. Plaintiff was subjected to gender stereotyping because she did not conform to the traditionally held idea of demeanor and appearance for her gender.

60. Defendants discriminated against Plaintiff with regard to the terms, conditions, privileges, and benefits of employment based upon her gender. This discrimination constitutes violations of Title VII.

61. As a result of Defendants' actions, Plaintiff has suffered emotional pain and distress, loss of income, loss of benefits, mental anguish, and loss of enjoyment of life's pleasures.

62. The unlawful employment practices outlined above were intentional.

63. The above described conduct of Defendants with regard to Plaintiff was extreme and outrageous and was committed with a malicious, willful, and/or reckless indifference to the federally protected rights of Plaintiff, warranting punitive damages.

**WHEREFORE,** Plaintiff Cristina Ferrari demands judgment in her favor and against Defendants and requests that this Court order that:

(a) Defendants compensate Plaintiff for the wages and other benefits and emoluments of employment lost because of Defendants' unlawful conduct;

(b) Defendants pay to Plaintiff compensatory damages for future pecuniary losses, pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses as allowable; and

(c) Defendants pay to Plaintiff all other legal and equitable relief recoverable under Title VII, including, but not limited to, punitive damages, employment with applicable seniority, attorneys' fees, expert witness fees, the costs of this action, and pre- and post-judgment interest.

## COUNT IV
PHRA Violation
(Sex Discrimination in Employment)

64. Plaintiff incorporates paragraphs 1 through 63 as though set forth in full herein.

65. By the conduct set forth in the Statement of Facts above, Defendants engaged in unlawful employment discrimination in violation of the Pennsylvania Human Relations Act, 43 P.C. Sections 953 and 955.

66. Defendants by and through their agents and employees discriminated against Plaintiff because of her gender - female - through its above conduct in failing to hire Plaintiff for the open positions for which she applied and for which she was qualified. Plaintiff was subjected to gender stereotyping because she did not conform to the traditionally held idea of demeanor and appearance for her gender

67. Defendants discriminated against Plaintiff with regard to the terms, conditions, privileges,

and benefits of employment based upon her sex. This constitutes violations of the PHRA.

68. As a result of Defendants' actions, Plaintiff has suffered emotional pain and distress, loss of income, loss of benefits, mental anguish, and loss of enjoyment of life's pleasures.

69. The unlawful employment practices outlined above were intentional.

**WHEREFORE,** Plaintiff Cristina Ferrari demands judgment in her favor and against Defendant and requests that this Court order that:

(a) Defendants compensate Plaintiff for the wages and other benefits and emoluments of employment lost because of Defendants' unlawful conduct;

(b) Defendants pay to Plaintiff compensatory damages for future pecuniary losses, pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses as allowable; and

(c) Defendants pay to Plaintiff all other legal and equitable relief recoverable under the PHRA, including, but not limited to, employment with applicable seniority, attorneys' fees, expert witness fees, the costs of this action, and pre- and post-judgment interest.

## JURY DEMAND

Plaintiff requests trial by jury on all counts.

Dated: 7/25/2022

/s/ Albert J. Michell
Albert J. Michell, Esquire
Attorney ID: 76797
**ALBERT J. MICHELL, P.C.**
40 West Evergreen Avenue, Suite 102
Philadelphia, PA 19118
Send correspondence to:
PO Box 4062
Philadelphia, PA 19118
Telephone: 215.922.2588
Validation of Signature Code: AJM4598

EXHIBIT "1"
NOTICE OF RIGHT TO SUE LETTER

EEOC Form 161-B (01/2022)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

| To: | Ms. Cristina Ferrari<br>1939 Goodnaw Street<br>Philadelphia, PA 19115 | From: | Philadelphia District Office<br>801 Market St, Suite 1000<br>Philadelphia, PA 19107 |
|---|---|---|---|

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 530-2022-00254 | Legal Unit | 267-589-9707 |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

- More than 180 days have passed since the filing of this charge.
- The EEOC is terminating its processing of this charge.

*Equal Pay Act (EPA):* You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

Digitally Signed By: Karen McDonough
07/19/2022

**Karen McDonough**
**Deputy District Director**

Enclosures(s)

cc:  Joe Heck

Albert J Michell